UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TALON ROPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00432-JPH-DLP |
| ) | |
| LITTLEJOHN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The amended petition of Talon Roper for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVD 19-06-63. Dkt. 8. For the reasons explained in this Entry, Mr. Roper's amended petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563–67 (1974).

On June 17, 2019, Correctional Officer Shroyer issued a Report of Conduct to Mr. Roper for a violation of Code B-236, disorderly conduct. The Report of Conduct stated:

1

> On 6/17/19 at approx. 1605 offender Roper, Talon Doc #211154 from PHU 425U entered L-3 dining wearing his hat. Offender Roper, Talon is asked daily to comply with facility rules. Once offender Roper, Talon entered rm #1 he removes his jumpsuit to his waist as if this action is allowed in the dining building. He was making eye contact and smiling at myself c/o L. Shroyer during his actions. C/o L. Shroyer asked Sgt. M Shroyer to escort offender Roper, Talon for failure to comply with facility rules. Sgt. M. Shroyer signaled via radio for Sgt. Vrzina and Sgt. Van Schoyck to signal 8 for assistance. Offender Roper, Talon refused two direct orders and mechanical restraints were applied and offender Roper, Talon was removed.

Dkt. 16-1 (mistakes in original).

> Sgt. M. Shroyer made a statement that:

> On 6/17/2019 at approximately 4:05PM Dining Officer C/O L. Shroyer requested me, Sgt. M. Shroyer, to remove Offender Roper, Talon #211154 PHU-425U from Dining Room 1. When I entered Dining Room 1, Offender Roper had his hat on and his jumpsuit down around his waist. I directed the Offender to leave the Dining Room and he refused. I then ordered the Offender to return to PHU and he again refused. I ordered the Offender to present his wrists for the application of mechanical wrist restraints; to which he complied. I requested assistance from Sgt. S. VanSchoyck and Sgt. R. Vrzina, who escorted the Offender to PHU.

Dkt. 16-2 (mistakes in original).

Commanding Officer Shroyer also filled out an Incident Report Form. Dkt. 16-3. Disorderly conduct means "exhibiting conduct which disrupts the security of the facility or other area in which the offender is located." Dkt. 17 at 7.

Mr. Roper received notice of the offense on June 24, 2019, from Screening Officer Parr. Dkt. 16-4. Mr. Roper pleaded guilty and as a result, waived the right to request a lay advocate, witnesses, or physical evidence. *Id.*; dkt. 16-9. Officer L. Miller witnessed Mr. Roper's guilty plea. Dkt. 16-10. The disciplinary hearing was held on the same day, June 24, 2019. Dkt. 16-5. Mr. Roper stated, "I'm guilty." *Id.* Officer Parr accepted Mr. Roper's guilty plea and imposed sanctions that included the loss of privileges, 45 days of lost earned credit time, and a one-step demotion of credit class. *Id.*

Mr. Roper's appeals to the facility head and to the final reviewing authority for the Indiana

Department of Correction were denied. Dkts. 16-6, 16-7, 16-8.

### B. Analysis

Mr. Roper alleges that his due process rights were violated in the disciplinary proceeding. The claims asserted in his amended petition are that: (1) he was denied witnesses; (2) he was denied physical evidence; (3) he was denied the right to a fair hearing before an impartial decision-maker; (4) he was denied 24-hour notice before his hearing; (5) he was denied the right to be present at his hearing; and (6) he was denied the right to speak at his hearing. Dkt. 8.

The respondent argues that claims 1, 2, 4, 5, and 6 were waived, and are thus subject to procedural default, because Mr. Roper did not raise them in the administrative appeals process. Dkt. 16-6; dkt. 16-7. Mr. Roper does not offer evidence showing that he did raise these claims in the administrative appeals process and appears to concede that he didn't. Dkt. 18 at 6 ("even if Roper's only exhausted claim is denial of the right to a fair hearing in front of an impartial decision maker"). "Where a habeas petitioner has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted, but such default can be excused if he can demonstrate cause for the default and prejudice, or that the failure to consider his claims would constitute a miscarriage of justice." *Martin v. Zatecky,* 749 F. App'x 463, 464 (7th Cir. 2019). Mr. Roper did not exhaust administrative appeals with respect to claims 1, 2, 4, 5 and 6, dkt. 16 at 5-6, so those claims are procedurally defaulted unless Mr. Roper can show cause and prejudice or that failure to consider the claims would constitute a miscarriage of justice. Mr. Roper has not made this showing so claims 1, 2, 4, 5 and 6 are denied as procedurally defaulted.[1]

---

[1] Even if the Court considered Mr. Roper's claims that he was denied witnesses and evidence, Mr. Roper has not identified the witnesses he wanted to call or evidence he wanted to present, or how those witnesses and evidence would have shown his innocence. Therefore, any due process violation would have been harmless error. *See Jones v. Cross*, 637 F.3d 841, 846–47 (7th Cir. 2011).

The only claim that Mr. Roper raised in the administrative appeal is that he was denied an impartial decision-maker. Dkt. 16-6; dkt. 16-7. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity" *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.*

Here, Officer Parr provided Mr. Roper with notice of the charge against him and thereafter conducted his disciplinary hearing. Dkt. 16-9. Mr. Roper has not set forth any facts showing that Officer Parr was involved in the factual events underlying the disciplinary charges, or in the investigation thereof. Sgt. Shroyer was involved in the incident that led to charges being filed against Mr. Roper and Sgt. Shroyer thereafter wrote up Report of Conduct. Dkt. 16 at 2-3. And while Mr. Roper claims that Officer Parr forged his guilty plea and refused to record his requests, respondent has submitted an affidavit in which Officer Parr attests that Mr. Roper pleaded guilty. Dkt. 16-9. Respondent also submitted an affidavit in which Officer Miller attests that she "witnesses Offender Roper plead guilty." Dkt. 16-10. Therefore, Mr. Roper has not rebutted the presumption of Officer Parr's honesty and integrity, so this claim fails.

In his reply brief, Mr. Roper argues for the first time that he did not plead guilty. Dkt. 18. In support, he attaches a copy of the screening report, but that same screening report was presented by the respondent and it indicates that the "guilty" box is checked. Dkt. 18-1 at 2; dkt. 16-4. Although the "not guilty" box was also checked, it was crossed out with the initials of the screening officer placed next to it. *Id.* Moreover, in Mr. Roper's original petition, he acknowledges that he pled guilty to the charge. Dkt. 2 at 1. Mr. Roper was given proper notice and had an opportunity

to defend the charge, but he chose to plead guilty. Dkt. 16-9. He has not shown cause and prejudice, or that the failure to consider his claim would constitute a miscarriage of justice

### C. Conclusion

For the above reasons, Mr. Roper is not entitled to the relief he seeks. His amended petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 5/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TALON ROPER
211154
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All Electronically Registered Counsel